UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC., <br>     Plaintiff, <br>     v. <br> SIEMENS INDUSTRY SOFTWARE INC., <br>     Defendant. | Case No. 20-cv-04151-WHO <br><br> **ORDER GRANTING MOTION TO STAY PENDING ARBITRATION** <br><br> Re: Dkt. Nos. 129, 136, 141 |

Defendant Siemens Industry Software Inc.'s ("Siemens") moves to stay the entire action under the Federal Arbitration Act ("FAA") because of the arbitration agreement contained in the parties' Patent Licensing and Settlement Agreement ("PLSA"). The parties have agreed to an arbitration schedule requiring a final award by February 16, 2022. Plaintiff Synopsys, Inc. ("Synopsys") opposes, arguing that the FAA does not mandate a stay of the entire action because there are non-arbitrable issues—e.g., the infringement of all versions of the accused products that predate Siemens's acquisition of Avatar Integrated Systems, Inc. ("Avatar"). Synopsys also argues that a complete stay would harm it and would not be judicially efficient. While it is not apparent that the FAA mandates a stay of the entire action, the conservation of judicial resources from a discretionary stay of the entire action for roughly five months outweighs any potential harm to Synopsys. Accordingly, Siemens's motion to stay the entire action is GRANTED.[1] The parties' motions to seal are also GRANTED.

**BACKGROUND**

In June 2018, Synopsys, Siemens AG, the parent company of defendant Siemens, and

---

[1] I will, however, issue an order resolving the Claim Construction terms in dispute in the near future.

Mentor Graphics, an indirect subsidiary of Siemens AG, entered the PLSA to resolve 22 separate actions between the corporate families. *See* Dkt. No. 68-9 ("PLSA") § 4.1, 5.1. The PLSA grants a license to "Siemens Subsidiaries" under "Synopsys Patents" to use "Siemens Licensed Products." *Id.* § 1.17, 1.23. The parties agreed to arbitrate any disputes concerning post-acquisition versions of products subject to the license. *Id.* §§ 1.15, 10.4.1, 10.4.2, 10.4.3.

On June 23, 2020, Synopsys filed the present action against Avatar, alleging that Avatar's Aprisa and Apogee (collectively, "Aprisa") products ("Accused Products") infringed several of Synopsys's patents. *See* Dkt. No. 1; Dkt. No. 147 ("Opp.") at 2 n.1. Each count in Synopsys's complaint alleges infringement under one of Synopsys's patents. *See* Dkt. No. 9 ("Corrected Compl.") at 6, 16, 21, 26, 37, 43. Four counts remain in this case, each asserting infringement under one of the following patents ("Asserted Patents"): U.S. Patent No. 7,546,567 ("the '567 Patent"); U.S. Patent No. 7,853,915 ("the '915 Patent"); U.S. Patent No. 8,234,614 ("the '614 Patent"); and U.S. Patent No. 8,407,655 ("the '655 Patent"). Dkt. No. 61-1 ("Synopsys Infringement Contentions"). After this action was filed, Avatar merged into Siemens and ceased to exist as a stand-alone entity on December 1, 2020. *See* Dkt. No. 51. The parties subsequently stipulated to substitute Siemens as the defendant for Avatar. *See* Dkt. Nos. 58, 59.

On December 15, 2020, Siemens released a new version of its newly acquired Aprisa product, version 20.1.rel.1.0. *See* Dkt. No. 68-8. On January 7, 2021, Siemens notified Synopsys of its position that the new 20.1.rel.1.0 release, and any future release, was covered by the parties' PLSA and therefore licensed as a "Siemens Licensed Product" under Synopsys's Asserted Patents. Dkt. No. 129 ("Mot.") at 3. On February 12, 2021, Siemens filed its original motion to stay this action pending arbitration. Dkt. No. 69. On March 8, 2021, Siemens released Aprisa 20.1.rel.2.0. and contends that this product is also licensed under the PLSA. Mot. at 3. On April 2, 2021, I denied Siemens's motion to stay pending arbitration without prejudice because the parties had not yet completed the PLSA's pre-arbitration dispute resolution ("ADR") procedures. Dkt. No. 95 ("Order") at 5.

Since my Order, the parties have completed the PLSA's pre-ADR procedures. The parties completed pre-ADR negotiations about whether the PLSA provides a license to its Accused

1  Products, including Aprisa 20.1.rel.1.0, Aprisa 20.1.rel.2.0, and future versions. *See, e.g.*, Dkt.
2  No. 130 ("Nuzzi Decl.") ¶ 3. Between January 7, 2021 and May 17, 20201, Siemens permitted
3  Synopsys to review Aprisa's source code 17 times. *See* Dkt. No. 131-1. The parties conducted
4  mediation sessions on May 26, 2021 and July 7, 2021, but did not reach settlement. Nuzzi Decl.
5  ¶¶ 4–5; Dkt. No. 132-1 ("Pellikaan Decl., Ex. 1"). In July 2021, Siemens filed petitions for *inter*
6  *partes* review, challenging the validity of all asserted claims of the '567, '655, and '614 Patents.
7  Mot. at 4. On July 30, 2021, Siemens filed the present motion to stay the entire case pending
8  arbitration. Mot. at 1.
9      On August 12, 2021, Siemens filed a Request for Arbitration with the International
10 Chamber of Commerce's Internal Court of Arbitration to determine among other things whether
11 Siemens has a license from Synopsys under its Asserted Patents for certain Accused Products.
12 Dkt. No. 142-1 ("Cleveland Decl.") ¶ 3. The parties agreed to an arbitration schedule that
13 included a final hearing to be held around January 17–19, 2022 and a final award to be issued by
14 February 16, 2022. *Id.* ¶ 4; Opp. at 12 n.5.

## LEGAL STANDARD

16     The FAA governs motions to compel arbitration. 9 U.S.C. §§ 1 et seq. Under the FAA, in
17 assessing a motion to compel a district court determines (1) whether a valid agreement to arbitrate
18 exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v.*
19 *Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). To decide whether the parties
20 entered a contract containing an arbitration agreement, "federal courts should apply ordinary
21 state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328
22 F.3d 1165, 1170 (9th Cir. 2003) (internal quotation marks omitted). If the court is "satisfied that
23 the making of the arbitration agreement or the failure to comply with the agreement is not in issue,
24 the court shall make an order directing the parties to proceed to arbitration in accordance with the
25 terms of the agreement." 9 U.S.C. § 4. "[A]ny doubts concerning the scope of arbitrable issues
26 should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*
27 *Corp.*, 460 U.S. 1, 24–25 (1983).

**DISCUSSION**

**I.      WHETHER THE ENTIRE ACTION SHOULD BE STAYED**

The parties do not dispute that the PLSA is a valid arbitration agreement, which encompasses the dispute as to the scope of the license for the 20.1.rel.1.0, 20.1.rel.2.0, and future versions of Aprisa. Order at 5; Mot. at 5–6; Opp. at 1. There is no disagreement that the versions of the Accused Products that predate Siemens's acquisition of Avatar are not licensed under the PLSA. Mot. at 5–6; Opp. at 2. The parties also do not dispute that Siemens has satisfied the PLSA's requirements for commencing arbitration. Mot. at 6; Opp. at 1. The only dispute is whether I should stay the action in its entirety, including Synopsys's non-arbitrable claims against pre-acquisition versions of the Accused Products, or stay only the arbitrable claims. *Id.*

**A.      Whether the FAA Mandates a Stay of the Entire Action**

The parties dispute whether the FAA mandates a stay of the entire action. The Ninth Circuit has held that a district court has discretion to stay only the arbitrable claims. *See, e.g.*, *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (determining that "the Fair Labor Standards Act claim in count I of the complaint is not arbitrable" and therefore "the defendant was not entitled to a stay pursuant to section 3 of the Arbitration Act"); *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 832 (9th Cir. 2019) (holding that "[o]nly the usury claim was 'referable to arbitration,' so Rent-A-Center was not entitled to a stay under § 3 for any of the other claims.").

Siemens asserts that the present case is distinguishable from *Levya* and *Blair* because in those cases there were distinct non-arbitrable counts but here, the non-arbitrable and arbitrable issues are found in each count. Mot. at 7. Under the remaining four counts, Synopsys accuses all versions of Aprisa of infringing the '567, '915, '614, and '655 Patents. *See* Synopsys Infringement Contentions at 3, 6. Siemens points to the plain language of the FAA and asserts that the FAA mandates a stay of the entire action because there are arbitrable issues:

> "[i]f any suit or proceeding be brought . . . upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the

4

trial of the action . . . ."

9 U.S.C. § 3. Siemens also asserts that the recent trend of courts in this district is to hold that the FAA mandates a stay of the entire action where there are arbitrable claims.

      Most of the cases that Siemens relies upon are distinguishable and do not support its argument that the FAA mandates a stay of the entire action when there are both arbitrable and non-arbitrable issues in each count. Its cases concern situations where the court had already stayed the entirety of the action and the court thereafter denied the plaintiff's attempts to voluntarily withdraw its arbitrable claims in hopes of proceeding with the non-arbitrable claims. *See, e.g.*, *Lovig v. Best Buy Stores LP*, No. 18-CV-02807-PJH, 2019 WL 2568851, at *3 (N.D. Cal. June 21, 2019) (denying plaintiff's motion to voluntarily dismiss his six arbitrable non-PAGA claims to proceed with his non-arbitrable PAGA claim after the court had ordered a stay of the entire action because the FAA dictates that "a court must continue to stay the entire action—and cannot dismiss fewer than all of the claims—until the contracted-for 'arbitration has been had in accordance with the terms of the agreement[.]'"), *appeal dismissed sub nom. Lovig v. Best Buy Stores LP*, 2019 WL 7494405 (9th Cir. Nov. 22, 2019); *see also Marron v. Healthsource Glob. Staffing, Inc.*, No. 19-CV-01534-KAW, 2020 WL 4284818, at *2 (N.D. Cal. July 27, 2020) (denying plaintiff's motion to dismiss his arbitrable claims because the "FAA does not give the court discretion to lift the stay to dismiss some of the claims, particularly now that arbitration has been initiated."); *Murphy v. Finish Line, Inc.*, No. 20-CV-05663-WHO, 2021 WL 2166875, at *2 (N.D. Cal. May 27, 2021) (denying plaintiff's motion to dismiss his arbitrable claims to avoid arbitration because "[o]nce an issue in an action is referred to arbitration . . . the FAA dictates that [the court] 'shall' stay the action 'until such arbitration has been had in accordance with the terms of the agreement.'").

      Siemens's other case is more factually analogous but is not persuasive. In *Mohebbi v. Khazen*, No. 13-CV-03044-BLF, 2014 WL 6845477 (N.D. Cal. Dec. 4, 2014), the court decided to stay the entire action despite there being non-arbitrable claims because "[p]ursuant to the Federal Arbitration Act, when a court determines that some claims are arbitrable while some are not, the claims that are not arbitrable must be stayed pending the completion of arbitration." *Mohebbi*,

2014 WL 6845477, at *7, *12. But *Mohebbi* contradicts the Ninth Circuit decisions in *Levya* and *Blair*, which hold that the FAA does not mandate a stay for non-arbitrable claims. *Levya*, 593 F.2d at 863; *Blair*, 928 F.3d at 832. Moreover, even if *Mohebbi* was reconcilable with the Ninth Circuit precedent, it does not support Siemens's argument that the FAA mandates a complete stay when there are arbitrable and non-arbitrable issues in the same claims because *Mohebbi* only addressed distinct arbitrable and non-arbitrable claims. *Mohebbi*, 2014 WL 6845477, at *12.

Synopsys contends that none of Siemens's cases "support its position that claims against arbitrable and non-arbitrable issues cannot be separated." Opp. at 6. It relies on three cases: *Summer Rain v. Donning Co./Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992), *as amended* (June 23, 1992) (holding that the FAA "requires the separation of arbitrable 'issues' from non-arbitrable ones" and that "arbitrability is to be determined on an issue-by-issue basis, without regard to the way that the issues are grouped into claims."); *Glenn v. Wells Fargo Bank, N.A.*, 2017 WL 371956, at *11 (D. Md. Jan. 26, 2017) (same); *Ferguson v. Corinthian Colls., Inc.*, 823 F.Supp.2d 1025, 1036 (C.D. Cal. Oct. 6, 2011), *rev'd on other grounds*, 733 F.3d 928 (9th Cir. 2013) (declining to stay the non-arbitrable public injunctive relief issues under three counts).[2] But as Siemens asserts, none of these cases are "controlling authority for bifurcating a count by staying some arbitrable issues in a count but proceeding with others." Dkt. No. 142 ("Reply") at 4.

In other words, neither party has cited a persuasive case in support of its argument. But the Ninth Circuit is clear—non-arbitrable claims are not subject to a stay under the FAA. *Levya*, 593 F.2d at 863; *Blair*, 928 F.3d at 832. Further, the Ninth Circuit has noted "a preference for proceeding with the non-arbitrable claims when feasible," approving a district court's reasoning that "[e]xpanding the stay, so as to encompass all of the nonarbitrable claims in the case, is [only] appropriate where the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend on the arbitrator's decision." *United Communs. Hub, Inc. v. Qwest Communs., Inc.*, 46 F. Appx. 412, 415 (9th Cir. 2002). Accordingly, it is not apparent that the FAA mandates

---

[2] For separate reasons, both *Summer Rain*, under the discretion of the court, and *Ferguson*, after it was reversed on appeal, resulted in complete stays of the actions pending arbitration. *Summer Rain*, 964 F.2d at 1461; *Ferguson*, 733 F.3d at 930–31.

1  a stay of the entire action where there are independent non-arbitrable and arbitrable issues in the
2  same counts.

### B.  Whether There Should Be A Discretionary Stay of the Entire Action

That said, it is well-established and undisputed that courts have discretion to stay non-arbitrable issues. *See Levya*, 593 F.2d at 863 (explaining that "sound reasons may exist . . . to support the district court's determination to stay the action under the powers to control its own docket and to provide for the prompt and efficient determination of the cases pending before it" even though the FAA does not mandate a stay for non-arbitrable claims); *see also Summer Rain*, 964 F.2d at 1461 ("The decision whether to stay the litigation of the non-arbitrable issues is a matter largely within the district court's discretion to control its docket."). When considering a motion to stay, a court must weigh "competing interests" such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The parties dispute whether staying the entire case will promote judicial efficiency. In particular, the parties dispute a provision in the PLSA, specifically whether "the "Siemens Licensed Products" under the PLSA include all post-acquisition versions of the Aprisa products or only the versions that are modifications of pre-acquisition versions. Opp. at 3; Reply at 7. Siemens argues the former and asserts that if the arbitrators find that the current Aprisa products are licensed then that will substantially narrow the litigation because none of the post-acquisition versions will be at issue. Mot. at 9. Synopsys opposes and contends that because "the arbitration cannot result in a finding that all post-acquisition versions are licensed, some or all of the post-acquisition versions will return for adjudication." Opp. at 4.

I cannot decide the scope of the "Siemens Licensed Products" under the PLSA. But even if the PLSA does not cover all post-acquisition versions of the Aprisa products, it will be judicially efficient to stay the entire action. If the arbitrators determine that any post-acquisition version is licensed then that will narrow the non-arbitrable issues, such as "intent for indirect infringement,

7

willful infringement, lost profits, reasonable royalty, failure to mitigate damages, and possibly, patent misuse." Reply at 7.  For example, a licensed product "becomes a non-infringing alternative to the accused product as of approximately the date of acquisition," which "would cabin both the lost profits and the reasonable royalty amounts Synopsys can seek." *Id.*  A conclusion of licensed products would also help undermine any allegations of Siemens's "intent" to infringe for indirect infringement or alleged willful infringement. *Id.*  And a finding that "Synopsys breached the license agreement in part by repudiating the license that the agreement expressly grants" would be "another defense to patent misuse." *Id.* at 7–8.

In addition, if the arbitrators find that none of the post-acquisition versions are licensed, then a stay of the entire action will avoid duplication of effort, e.g., taking fact witness depositions, serving expert reports, taking expert depositions, and engaging in motion practice for post-acquisition versions after doing so for pre-acquisition versions.  Mot. at 9.  Synopsys argues that if the arbitrators find that none of the post-acquisition versions are licensed, then it will be because these versions are premised on pre-acquisition versions.  Opp. at 13.  As a result, any effort made for litigating the infringement of pre-acquisition versions would be applicable to post-acquisition versions. *Id.*  But as Siemens points out, if the entire action is stayed under this scenario, the parties "would be able to consider all applicable versions of software together instead of risking the need to redepose numerous witnesses on post-acquisition products." Reply at 6–7.  I agree that staying the entire action is more judicially efficient because of the possibility of substantially simplifying the issues and the risk of wasting judicial resources if the entire action is not stayed. *See United Commc'ns Hub*, 46 F. App'x at 415 (a complete stay is appropriate where the arbitrable issues predominate the non-arbitrable issues).

Synopsys argues that Siemens will not suffer any hardship or inequity by continuing to litigate the case because Siemens will have to eventually defend the alleged infringement of the pre-acquisition versions of Aprisa notwithstanding the outcome of the arbitration. Opp. at 1.  The delay will allegedly harm Synopsys, however, because Siemens has filed an *inter partes* review ("IPR") on the invalidity of all asserted claims of the '567 Patent, the '655 Patent, and the '614 Patent in July 2021. Opp. at 1, 3.  According to Synopsys, staying the entire action will allow

8

Siemens to pursue its defenses "while Synopsys is forced to pause and face competitive harm in the market resulting from Siemens' continued patent infringement." *Id.* It also argues that it would be harmed by a delayed injunction against older versions of Aprisa. Opp. at 11. It asserts that injunctive relief for the pre-acquisition versions remains at issue in the case because Siemens provides no evidence that the "pre-acquisition versions are no longer in the market, no longer being used by customers, or no longer being supported by Siemens." Opp. at 11.

Siemens responds that Synopsys will not be harmed because "it can still be made whole for any alleged injury [of past versions of Aprisa] through a damages award" and any injunctive relief of old versions of Aprisa is speculative. Mot. at 9; Reply at 9. It also points out that Synopsys waited seven years to file the case, which asserts infringement under patents issued between 2006 and 2013, which undercuts the prejudice claim. Mot. at 9. The parties dispute who has the burden to provide evidence that Synopsys either did or did not have sufficient knowledge to assert infringement against Avatar at an earlier date. Opp. at 10–11; Reply at 8.

Importantly, however, the parties have agreed to a final hearing for arbitration in about five months and have the final award be issued by February 16, 2022. Dkt. No. 142-1 ("Cleveland Decl.") ¶ 4; Opp. at 12 n.5. The potential harm, if any, from staying the case for five months does not outweigh the judicial efficiencies from staying the entire case.

## II.  MOTIONS TO SEAL

The parties have filed two motions to seal. Dkt. Nos. 136, 145. Under Ninth Circuit law a party must demonstrate "compelling reasons" to seal any motion-related filings where "the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–99 (9th Cir. 2016). The parties' submissions regarding Siemens's motion to stay are subject to this "compelling reasons" standard because the motion relates to Siemens's affirmative defense that all post-acquisition versions of Aprisa are licensed under the PLSA. What constitutes a compelling reason is "left to the sound discretion of the trial court." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit, however, has highlighted that "[e]xamples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business

9

information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097.

The first administrative motion to file under seal certain information in Synopsys's opposition is GRANTED. Dkt. No. 136. The portions that Synopsys seeks to file under seal contain confidential information including trade secrets and commercially sensitive business information, such as information from the PLSA. I have previously considered and granted motions to seal references and quotations from the PLSA although I rejected the sealing of basic facts regarding the PLSA, e.g., the existence, name, and date of the PLSA as well as the parties to the agreement and language from Section 10.4 about the dispute resolution procedures. *See* Dkt. No. 95 at 9–10. The proposed sealable language here reference portions of the PLSA other than the basic facts or Section 10.4 and therefore the motion is GRANTED. Dkt. No. 136. For the same reasons, the second administrative motion to file under seal certain information in Siemens's reply is also GRANTED. Dkt. Nos. 141, 149.

## CONCLUSION

For the reasons explained above, Siemens's motion to stay the entire action is GRANTED. The parties' administrative motions to file under seal are also GRANTED.

**IT IS SO ORDERED.**

Dated: September 9, 2021



William H. Orrick
United States District Judge