**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**HOGAN LOVELLS US LLP**
Patrick T. Michael (Bar No. 169745)
Helen Y. Trac (Bar No. 285824)
Gurtej Singh (Bar No. 286547)
Madeleine Bech (Bar No. 328778)
3 Embarcadero Center, Suite 1500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
patrick.michael@hoganlovells.com
helen.trac@hoganlovells.com
tej.singh@hoganlovells.com
madeleine.bech@hoganlovells.com

**WILLKIE FARR AND GALLAGHER LLP**
Krista S. Schwartz (Bar No. 303604)
One Front Street
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599
kschwartz@willkie.com

*Attorneys for Plaintiff*
*SYNOPSYS, INC.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SYNOPSYS, INC.,

Plaintiff,

v.

SIEMENS INDUSTRY SOFTWARE INC.,

Defendant.

Case No. 3:20-cv-04151-WHO (LB)

**PLAINTIFF SYNOPSYS INC.'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Date: June 1, 2022
Time: 2:00 p.m.
Judge: Hon. William H. Orrick



United States District Court
Northern District of California

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. PROCEDURAL HISTORY ........ 2

III. ARGUMENT ........ 4

A. Yet Another Stay Would Unduly Prejudice Synopsys and Give Siemens a Tactical Advantage. ........ 5

B. The Advanced State of the Litigation. ........ 8

C. A Stay Will Not Simplify Issues with Respect to All of the Patents-in-Suit. ........ 8

IV. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asetek Holdings, Inc v. Cooler Master Co.*,
No. 13-CV-00457-JST, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) ........................................8

*Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*,
No. 10-CV-02863-EJD, 2011 WL 3267768 (N.D. Cal. July 28, 2011) ......................................5

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ..................................7, 10

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ..........................................................................................4

*Hewlett-Packard Co. v. ServiceNow, Inc.*,
No. 14-cv-00570-BLF, 2015 WL 5935368 (N.D. Cal. Oct. 13, 2015) .......................................5

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
No. CV 17-14-JFB-SRF, 2018 WL 11189633 (D. Del. Dec. 12, 2018) .....................................5

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
No. 2:18-cv-00390-RWS-RSP, 2019 WL 3826051 (E.D. Tex. August 14, 2019) ......................9

*SAS Inst., Inc. v. Iancu*,
138 S. Ct. 1348 (2018) ........................................................................................................9

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*,
No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018) ..................................7

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*,
No. 13-CV-02218-JST, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013) .............................4, 5, 7

*Trover Grp., Inc. v. Dedicated Micros USA*,
No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) .................................7

*TruePosition, Inc., v. Polaris Wireless, Inc.*,
No. CV 12-646-RGA/MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013) ..................................6

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
No. C 12-05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014) ...........................................4, 8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................5

*Wi-LAN Inc. v. LG Elecs., Inc.*,
No.: 18-cv-01577-H-BGS, 2018 WL 9516050 (S.D. Cal. Dec. 4, 2018) .................................10

**Rules**

Fed. R. Civ. P. 1 ....................................................................................................................4

**Other Authorities**

37 CFR § 42.100(c) ...............................................................................................................4

## I. INTRODUCTION

Siemens asks this Court for yet another stay, seeking to delay this case for at least 10 more months pending an *inter partes* review ("IPR") decision from the Patent and Trademark Appeal Board ("PTAB"). This request comes on the heels of a stay granted at Siemens' request last July pending a meritless arbitration instituted by Siemens against Synopsys. In connection with that stay, Siemens argued the stay should be granted because the arbitration would narrow the issues, the stay would prevent duplicative litigation and the short duration minimized prejudice to Synopsys. Eight months later, the arbitration panel rejected Siemens' arguments across the board, leaving the scope of this case untouched. The result of the stay was simply a delay of eight months—during which time Siemens continued its infringing conduct and Synopsys continued to suffer competitive harm in the marketplace.

Siemens now argues, again, that a further stay is needed to avoid duplicative litigation and because the IPRs will narrow the scope of the case. This is no more true now than it was last July when Siemens made its prior request for a stay. In fact, Siemens' IPRs do not even challenge one of the patents-in-suit, the '915 Patent, so this case will continue regardless of the outcome. Moreover, in addition to claim construction and extensive fact discovery being complete at the time of the last stay, [REDACTED] What discovery remains is unlikely to be substantially narrowed as all of the accused products are challenged with respect to the '915 Patent, which is not the subject of the IPRs, and thus, the case will proceed against the same accused products regardless of the IPRs. As a result, the IPRs will not simplify the litigation with respect to the '915 Patent, and any potential simplification with respect to the other patents is, at best, limited and speculative.

More fundamentally, Siemens' request for successive stays demonstrates a strategy of delay that, if permitted, will only advance Siemens' goal of improperly gaining market share through continued sales of infringing products, while causing Synopsys to suffer increased prejudice and competitive harm as a result of Siemens' ongoing infringement. Siemens chose to delay its IPR

filings until the one-year statutory deadline, thus maximizing delay for the IPR decisions. And in convincing this Court to stay this litigation pending arbitration, Siemens argued that a brief anticipated 5-month stay would minimize prejudice to Synopsys, without any indication it intended to seek an additional stay based on the then pending IPRs. What is more, Siemens' current motion asserts that the latest "not-yet-accused versions of Aprisa" come within the scope of the PLSA, making clear that Siemens intends to seek additional stays pending arbitration under the PLSA for any later versions of Aprisa that are accused of infringement. No doubt, Siemens' strategy is to seek repeated stays of the litigation to effectively impose an indefinite stay on Synopsys' infringement claims. It is a transparent strategy aimed at providing Siemens with a tactical advantage and resulting in additional and significant prejudice to Synopsys.

The requested stay also magnifies the negative impact of the case on Siemens and, importantly, third-party customers. Siemens' continuing sale of infringing products is ongoing and is likely to continue until judgment. A stay that delays that judgment further will only increase the number of infringing sales, increasing both Siemens' damages and the impact of an injunction on customers. That is in neither Siemens' nor Synopsys' interests, and denying the stay benefits both parties, and third parties, by avoiding this impact.

Synopsys respectfully asks the Court to deny Siemens' request to delay this case once again and instead allow this case to proceed to resolution on Synopsys' claims.

## II. PROCEDURAL HISTORY

On June 23, 2020, Synopsys filed this patent infringement lawsuit against Avatar Systems Integrated, Inc. ("Avatar"). During the pendency of the case, Avatar was acquired by and merged into Siemens Industry Software Inc. ("Siemens") on December 1, 2020. ECF No. 51, Avatar Supplemental Rule 7.1 Statement.

After Siemens acquired Avatar, Siemens took the position in this case that all post-acquisition versions of its Aprisa product—the product at issue in this case—were actually licensed to the patents-in-suit under a Patent Licensing and Settlement Agreement ("PLSA") between Synopsys and Siemens. ECF No. 69 at 2. Siemens' claim to a license for Aprisa is incorrect, and Synopsys disputed it. The terms of the PLSA required the parties to submit their disputes to

arbitration, ECF No. 68-9 ( PLSA), at § 10.4 (Disputes), and Siemens moved to stay the entire action pending arbitration of its license claim. ECF No. 69. The Court rejected Siemens' motion to stay pending arbitration because certain conditions precedent for arbitration under the PLSA had not been met. ECF No. 95.

On July 13, 2021, one day before the one-year statutory deadline, Siemens filed an IPR challenging the patentability of all asserted claims of the '567 Patent. Mot. at 12. On July 14, 2021, the day of the one-year statutory deadline, Siemens filed IPR petitions challenging the patentability of all asserted claims of the '614 and '655 Patents. *Id.* Siemens did not file an IPR petition challenging the '915 Patent. *Id.*

On July 30, 2021, Siemens renewed its motion to stay pending arbitration. ECF No. 129. In its renewed motion, Siemens acknowledged its IPR filings, but did not seek to stay the case pending the IPRs. *Id.* at 7. In addition, though its license defense only applied to post-acquisition versions of Aprisa, Siemens argued that staying the entire action could make this case "substantially narrower" and "avoid duplication of effort." *Id.* at 9. Based on these arguments, the Court exercised its discretion to stay the case pending resolution of the arbitration, including as to pre-acquisition versions of Aprisa. ECF No. 153. In doing so, the Court emphasized the short anticipated duration of the arbitration and noted that any "potential harm . . . from staying the case for five months does not outweigh the judicial efficiencies from staying the entire case." *Id.* at 9.

On August 12, 2021, Siemens initiated arbitration before the International Chamber of Commerce ("ICC"). [redacted]

Meanwhile, on January 13, 2022, the PTAB instituted IPRs for the ’655, ’614, and ’567 Patents. Final decisions by the PTAB are expected by January 13, 2023, but could be extended for another six months for good cause. 37 CFR § 42.100(c).

Now, as Synopsys had predicted,[1] after losing in arbitration Siemens has filed a third motion to stay this case, this time pending the IPRs that already had been filed at the time of its last motion to stay.

## III. ARGUMENT

“Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO [review].” *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). At the same time, Federal Rule of Civil Procedure 1 recognizes the directive “to secure the just, speedy, and inexpensive determination of every action and proceeding” in the federal district courts. Thus, “[t]here is no per se rule that patent cases should be stayed pending [PTO review], because such a rule would invite parties to unilaterally derail litigation.” *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014). Instead, “the Court must decide stay requests on a case-by-case basis.” *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 6021324, at *1 (N.D. Cal. Nov. 13, 2013).

In determining whether to grant a stay pending PTO review, courts consider (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) the stage of the case, including whether discovery is complete and whether a trial has been set; and (3) whether a stay will simplify the issues in question and trial of a case. *Id*.

This is not typical situation where an accused infringer is seeking a single stay pending resolution of IPR proceedings. In this case, Siemens has demonstrated a strategy of delay with multiple requests for repeated stays and indicated its intention to seek additional stays if later

[1] In its opposition to Siemens’ renewed motion for stay pending arbitration, Synopsys predicted Siemens would seek another stay pending IPRs after arbitration completed. *See* ECF No. 136-3 at 12 (“Siemens chose to proceed with inter partes review so it could continue to its challenge during arbitration and, presumably, seek yet another stay following arbitration should the PTAB elect to institute on one or more of the IPRs.”).

versions of Aprisa are accused of infringement. As direct competitors in the market, the prejudice to Synopsys in delaying this litigation is inherent and undeniable. Synopsys has already been prejudiced as a result of the case being stayed pending Siemens' baseless demand for arbitration, and any additional delay will only exacerbate that prejudice. This case also is at an advanced stage, with claim construction complete and discovery almost complete, and any potential narrowing of the case is limited and speculative, at best. As a result, the factors weigh against a stay, and the Motion should be denied.

### A. Yet Another Stay Would Unduly Prejudice Synopsys and Give Siemens a Tactical Advantage.

The requested stay, following the prior stay of eight months, would unduly prejudice Synopsys. "If a requested stay would result in undue prejudice or a clear tactical disadvantage to the nonmovant, the stay may be denied." *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).

A further stay will allow Siemens to continue its infringing conduct and force Synopsys—a direct competitor—to continue enduring competitive harm in the market for at least another 10 months. *See* Declaration of Michael Sanie ISO Opposition to Stay Pending IPR ("Sanie Decl.") ¶¶ 9-12. As many courts have found, such an outcome amounts to undue prejudice and warrants a denial of stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014); *see also TPK Touch Sol.*, 2013 WL 6021324, at *5 ("Because [the parties] are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise."); *Avago Techs.*, 2011 WL 3267768, at *5 ("the parties' status as competitors in the market" raises possibility of "harm in the marketplace that is not compensable by readily calculable money damages" and weighing against stay); *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF, 2015 WL 5935368, at *3 (N.D. Cal. Oct. 13, 2015) (competition between the parties weighs in favor of finding undue prejudice and limiting stay pending instituted IPRs to only two of the four asserted patents); *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. CV 17-14-JFB-SRF, 2018 WL 11189633, at *4 (D. Del. Dec. 12, 2018) (denying stay because, as direct competitors in a two-player market, defendant would suffer substantial prejudice from a stay). Siemens has already enjoyed this advantage during the

pendency of the stay pending arbitration and should not be afforded another such opportunity. Sanie Decl. ¶¶ 9-12. It also is apparent that the requested stay will only amplify the negative impact of the case on Siemens and third-party customers. Siemens' continuing sale of infringing products is likely to continue until judgment, and delaying that judgment (again) will only involve more infringing sales and customers in the damages and injunction at the end of the case. That is not in Siemens' interest any more than it is in Synopsys' interest.

In an attempt to deflect, Siemens makes the disingenuous argument that Synopsys delayed seven years before filing this suit in 2020. Mot. at 10-11. However, even Siemens concedes that for much of that period, Aprisa and its prior owner, ATopTech, were in bankruptcy proceedings and practically speaking could not be sued. *Id*. at 11 n. 4. And, after purchasing Aprisa out of bankruptcy proceedings in 2017, Avatar did not release its first version of Aprisa until mid-2018. Siemens provides no basis for any contention that Synopsys had sufficient knowledge or belief to bring suit on these patents against Avatar before 2020.

The only delay here is on the part of Siemens. As noted above, Siemens chose to delay its IPR filings until the one-year deadline. *See* Mot. at 12. And in doing so, Siemens is attempting to gain a tactical advantage through extended delay. In particular, Siemens' IPRs for the '567 and '614 Patents rely exclusively on art disclosed in its January 2021 invalidity contentions or in the prosecution history, but Siemens waited another six months before filing those IPR petitions at the one-year deadline. Coupled with the prior request to stay pending arbitration, Siemens' decision to delay filing IPRs until the last minute – and then use them to seek yet another stay after losing the arbitration – is merely a strategic attempt to keep this case stayed as long as possible and delay judgment on its infringing conduct.

In similar situations, courts have found such delay in filing IPR petitions to weigh against a stay. *See TruePosition, Inc., v. Polaris Wireless, Inc.*, No. CV 12-646-RGA/MPT, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013), *report and recommendation adopted*, No. CV 12-646-RGA, 2013 WL 6020798 (D. Del. Nov. 12, 2013) (holding that the timing of the filing of IPR weighed against stay, where defendant waited until the end of the statutory deadline to file its IPR, close to the eve of claim construction briefing, and after substantial document discovery was conducted);

*Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015) (state of proceedings weighed against stay, where defendant waited until 5 days before the one-year statutory deadline to file IPR petition); *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *3 (E.D. Tex. July 19, 2018) (waiting nine months from initiation of the case to file IPRs and move for a stay – in conjunction with defendant's earlier motion to stay pending arbitration – "appear[s] to be yet another attempt to draw out these proceedings" and "weighs strongly against a stay.").

Moreover, Siemens could have requested this stay pending the IPRs when it sought the stay pending arbitration—or at minimum advised the Court it intended to move for successive stays—and it chose not to do so. Instead of requesting at that time the 18-month stay it apparently wanted, Siemens convinced the Court to grant a stay anticipated to last 5 months, relying on its brevity, knowing it would turn around and ask now for a second stay. Siemens' delays are strong evidence of tactical maneuvering that warrants denial of the stay. In *TPK Touch Sols.*, 2013 WL 6021324, at *5, the Court found that Wintek had not been diligent because it had enough information to request IPR immediately after the action was filed, but requested *ex parte* reexamination, filed for stay based on *ex parte* reexamination, and engaged in additional motion practice before filing for IPRs. The Court further observed that, had Wintek not delayed in filing IPRs, "the PTO's decision would likely already be in hand . . . with no effect on the case schedule." *Id.* Similarly, had Siemens diligently filed IPRs when it served its invalidity contentions, the PTAB's decision would be expected as early as July 2022, and the case schedule would not need further extension. Accordingly, Siemens' tactical delays weigh heavily against a stay.

Finally, and importantly, Siemens has also signaled its intent to arbitrate newer releases of Aprisa, which undoubtedly will be accompanied by still additional requests for stays pending arbitration. Mot. at 10 ("Later, not-yet-accused versions of Aprisa, such as the Aprisa 21.R1 released in October 2021 have additional changes[,] thereby [REDACTED] [REDACTED]."). Siemens should not be permitted to bog this case down in a never-ending cycle of stays. *Cf. Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in

suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). Yet that is what it is doing and what it apparently plans to do in the future.

The clear prejudice to Synopsys and Siemens' delays and use of the stay requests as a tactical maneuver weigh heavily against granting the stay.

**B. The Advanced State of the Litigation.**

This case has been pending for nearly two years. The Court has construed the disputed terms in all four of the patents-in-suit, the parties exchanged infringement and invalidity contentions, and document productions and source code reviews were well underway when it was stayed last summer. [redacted] This case is at an advanced stage, and that weighs against staying the case again. *Verinata Health*, 2014 WL 121640, at *2 (Because "this case is not in an 'early stage' of proceedings[,] this factor weighs against a stay.").

Because claim construction is complete and fact discovery is nearly complete, even if Siemens prevailed on its IPRs (it will not), much of the effort that could have been avoided has already been expended. This significantly reduces any benefit from the requested stay, and thus, this factor too weighs against granting a stay. *See Asetek Holdings, Inc v. Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *3 (N.D. Cal. Apr. 3, 2014) (denying stay where claim construction was complete and fact discovery was nearly complete); ECF No. 153 (stay order issued September 9, 2021, two months before scheduled close of fact discovery); ECF No. 44 (setting November 18, 2021 as the fact discovery cut-off).

**C. A Stay Will Not Simplify Issues with Respect to All of the Patents-in-Suit.**

In its current bid for a stay, Siemens argues that a stay will "narrow the issues" and prevent "duplicative litigation." Mot. at 5. But among other things, Siemens did not request *Inter Partes* Review of the '915 Patent. As a result, claims relating to that patent must be resolved in this court, no matter the result of the IPRs. "[Where] the litigation presents issues not before the PTO, a stay is less appropriate." *Asetek Holdings*, 2014 WL 1350813, at *3-*4 (holding that "a stay would not

produce meaningful simplification of the issues" where only one of two patents was in reexamination proceedings due to the "significant, though not complete, degree of overlap between the two patents"). Moreover, Siemens concedes that substantial overlap exists between the technology accused under the '614 Patent and the '915 Patent. And discovery taken in connection with the '915 Patent will be applicable to all of the patents-in-suit, since they are all asserted against the same product. Accordingly, the remaining discovery with respect to the '915 patent alone is not a significant reduction from the remaining discovery on all four patents.

Siemens' claim that the case will be "narrowed" upon resolution of the IPRs also hinges on the unwarranted assumption that Siemens will *prevail* on the IPRs. Indeed, when Siemens moved for stay pending arbitration, Siemens argued that staying the entire action could make this case "substantially narrower" and "avoid duplication of effort." ECF No. 129 at 9. [redacted] As a result, ***all versions of Aprisa remain at issue*** and the scope of the case is unchanged.

There is no reason to believe that Siemens will fare better on any of its IPRs. In its preliminary patent owner response opposing institution, Synopsys argued that the PTAB should deny institution on discretionary grounds due to the substantial investments in this action, and did not address the merits of Siemens' invalidity grounds. ECF No. 164-2 at 15 (re '655 Patent) ("At this preliminary stage of this proceeding Patent Owner proffers no substantive arguments to rebut Petitioner's asserted ground of unpatentability."); 61 (same re '567 Patent); 102 (same re '614 Patent). As such, the institution of the IPRs did not address the merits. Once Synopsys addresses Siemens' invalidity grounds on the merits, Siemens is unlikely to prevail on any of its IPRs, much less all of them.[2] As this Court has observed, "[t]he chance that all claims in suit would evaporate

[2] *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018) precluded the PTAB from instituting IPRs for only a portion of the patent claims, and any institution decision occurring after *SAS* provides a weaker inference that the PTAB will determine that all challenged claims are unpatentable. *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390-RWS-RSP, 2019 WL 3826051, at *2 (E.D. Tex. August 14, 2019). In other words, the PTAB was required to institute IPRs for all three patents if it instituted for any of the claims. IPRs like these, instituted after *SAS*, are less indicative that the IPRs will result in a simplification of issues, especially not as to all patents.

[during PTO review] is nonexistent as a practical matter." *Comcast Cable*, 2007 WL 1052883, at *1.

Finally, the PTAB's final decisions are expected by January 13, 2023, which would be before the new deadline for dispositive motions and new trial date if the stay is lifted. *See, e.g. Wi-LAN Inc. v. LG Elecs., Inc.*, No.: 18-cv-01577-H-BGS, 2018 WL 9516050, at *3 (S.D. Cal. Dec. 4, 2018) (holding that stay would not simplify issues where two out of four patents had instituted IPR petitions and PTAB's final decisions were due before the deadline for dispositive motions and trial). Accordingly, given Siemens' stipulation that it would not "pursue in the N.D. Cal. district court litigation any prior art invalidity defense that is the same as a ground of unpatentability in any instituted IPR," Mot. at 3-4, Ex. 4, there is no danger of wasted or duplicated effort in the absence of stay. The potential for simplification of the litigation here is limited and speculative, and thus, this factor weighs against a stay or is at best neutral.

## IV. CONCLUSION

Allowing the litigation to proceed presents the best path forward for the parties to resolve their disputes. In contrast, staying the case, yet again, only advances Siemens' strategy of delay and imposes upon Synopsys additional competitive harm and undue prejudice. Synopsys respectfully requests that the Court deny Siemens' latest request to stay this litigation.

Dated: May 6, 2022

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/ Patrick T. Michael*
Patrick T. Michael

*Attorneys for Plaintiff Synopsys, Inc.*