UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SYNOPSYS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIEMENS INDUSTRY SOFTWARE INC., <br><br> Defendant. | Case No. 20-cv-04151-WHO (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF Nos. 265-2, 269, 270 |

The parties have three discovery disputes. Fact discovery closed on August 31, 2023, but the disputes were raised within seven days of that date. *See* N.D. Cal. Civ. L.R. 37-3. The court can decide the disputes without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

**1. Siemens' Sixteenth Interrogatory**

Siemens contends that Synopsys should respond further to Siemens' sixteenth interrogatory. That interrogatory requests "communications with any third party, including Synopsys customers or potential customers, in which [Synopsys] alleged or suggested that Aprisa infringed any Synopsys patent or copyright, or referred to this Action or the ATopTech Action." Aprisa is Siemens' accused software product in this case, and the "ATopTech Action" was a lawsuit by Synopsys alleging that ATopTech (which at the time owned Aprisa) infringed certain Synopsys patents and copyrights. Synopsys provided responses to interrogatory sixteen on July 24 and 31,

2023. Synopsys partly objected, though, and the parties now dispute whether Synopsys must produce (1) oral or other non-email communications about interrogatory sixteen's subject matter, (2) communications about patents and copyrights at issue in the ATopTech case but not this case, and (3) certain emails as to which Synopsys allegedly waived its privilege.[1]

First, the non-email communications would be overly burdensome because, as Synopsys points out, it would have to interview many individual sales representatives.[2] Fed. R. Civ. P. 26(b)(1).

Relatedly, the interrogatory asks for communications, so it is logically answered in the form of document productions, given the difficulty of determining whether oral communications occurred. *See* Fed. R. Civ. P. 33(d). Under the parties' ESI protocol, "Siemens was able to choose specific Synopsys custodians and propose search terms," and Synopsys then produced communications responsive to interrogatory sixteen. Synopsys now represents that it has "provided all relevant, non-privileged information of which it is aware after a reasonable search."[3] That said, to the extent Siemens' proposed search terms did not capture all of interrogatory sixteen's subject matter and Synopsys did not otherwise perform a full search for responsive documents, then Synopsys must perform the remainder of the search. (That remainder excludes the communications discussed in the next paragraph.) The issue is preserved and the parties may raise any further disputes with the court.

Second, Synopsys need not produce communications related to patents and copyrights at issue in the ATopTech case but not this case. It is communications about the asserted patents that are relevant here (including with respect to damages issues). *See Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008).

---

[1] Joint Disc. Letter Br. – ECF No. 267-4; Am. Compl. – ECF No. 199 at 3 (¶ 5) (describing ATopTech and Aprisa). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter Br. – ECF No. 267-4 at 4.

[3] *Id.* at 2–3.

Third, Synopsys did not waive its privilege when it referenced a previously produced document by bates number (a document that, six days later, Synopsys clawed back).

Under Fed. R. Evid. 502(b), the disclosure of a privileged document in a federal proceeding "does not operate as a waiver" if: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Civ. P. 502(b). Siemens asserts inadvertent disclosure and thus has the burden of proving these elements. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

Synopsys's privilege was not waived because referencing the bates number is not an independent disclosure of the actual document, the error was promptly rectified, and in any case Siemens did not carry its burden.

**2. Synopsys's Document Productions**

The parties also raise various disputes about Synopsys's document productions.[4]

First, the court already resolved the issue of whether Synopsys waived its privilege over a document by referencing its bates number in an interrogatory response.

Second, Siemens contends that it is entitled to documents related to Synopsys's acquisition of Extreme DA Corp. According to Siemens, those documents "are relevant to damages in this action because they relate to the valuation of technology in the same field as the patents asserted in this litigation."[5] But the valuation of "technology in the same field" is a very broad conception of what is relevant to patent-infringement damages. *See* N.D. Cal. Patent L.R. 3-8(a). A reasonable-royalty analysis, for example, would be more closely tailored to the asserted patents (or analogous inventions). *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Also, documents "related to" an acquisition could be unrelated to technology valuation. On

---

[4] Joint Disc. Letter Br. – ECF No. 268-5.

[5] *Id.* at 2.

this briefing, the court denies the motion to compel these documents — but as explained below, the court will allow supplemental briefing.

Third, the result is different for documents related to Magma Automation's valuation of its intellectual property before Synopsys acquired Magma, because one of the asserted patents was originally a Magma patent. That said, Synopsys has mostly already provided these documents. The court adopts Synopsys's proposal: it will search for "Magma's documents that were created by or for Magma, preceding Synopsys'[s] acquisition, that concern whether Magma had its own valuation of its intellectual property."[6]

Fourth, Siemens seeks damages documents, such as expert reports, from Synopsys's litigations against Extreme DA and Magma before it acquired those companies. Siemens contends that these documents are relevant at least to the apportionment aspect of damages in this case. *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2015 WL 4272870, at *4 (N.D. Cal. July 14, 2015) (apportionment refers to distinguishing between an accused product's patented and unpatented features). Synopsys counters essentially that Siemens did not carry its burden of explaining any further.[7]

As for the Magma litigation, the documents are relevant for the same reason that Magma's own technology valuations are relevant, so the court orders production of the documents listed by Siemens.[8]

As for the Extreme DA litigation, the relevance is unclear from the current briefing. Siemens mentions apportionment, but apportionment focuses on the accused product, which here is Siemens' own product Aprisa. The task of valuing Aprisa's patented and unpatented features may not be helped by any valuations from the Extreme DA litigation, given that unlike the Magma litigation, the Extreme DA litigation did not involve any of the asserted patents here (that the court is aware of). Synopsys distinguishes between Extreme DA's technology and the routing

---

[6] *Id.* at 4.
[7] *Id.* at 2, 4–5.
[8] *Id.* at 2.

functionalities at issue in this case.[9] Another consideration is that if damages documents from the Extreme DA litigation have relevance, then any technology-valuation documents from Synopsys's acquisition of Extreme DA could be relevant too.

The existing letter brief does not resolve these questions, but of course space was limited. So if Siemens wants to press the point, it may submit a seven-page brief within seven days. If Siemens does so, Synopsys may submit a seven-page opposition seven days later.

Fifth, regarding Synopsys's financial records, the court adopts Synopsys's proposal: it will "provid[e] a final supplement of its financials spreadsheet to include 'ship-to-location' for each customer."[10]

### 3. Siemens' Document Productions

The parties' third dispute appears to be premature. The parties discussed alleged deficiencies in Siemens' document productions on the seventh day after the close of fact discovery. In the letter brief, Siemens said it "has already, or will be[,] producing the requested materials."[11] The court deems the issue preserved and the parties may raise any continuing dispute.

This resolves ECF Nos. 265-2, 269, and 270.

**IT IS SO ORDERED.**

Dated: September 22, 2023

LAUREL BEELER
United States Magistrate Judge

---

[9] *Id.* at 3–4.
[10] *Id.* at 5.
[11] Joint Disc. Letter Br. – ECF No. 265-2.